DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division. In its judgment, the trial court granted appellee James Booth's motion to modify custody and named him the residential parent and legal custodian of Logan Booth, born December 23, 1989.
This case presents a lengthy and acrimonious battle between appellant, Patricia Springer, and appellee commencing with a parentage action in 1990 and ending with the change of custody order in 1999. In the nine years between these two events, both parties filed numerous show cause motions involving child support and visitation. On November 7, 1997, appellee filed his motion to modify custody alleging that changes in the circumstances of Logan and his residential parent had occurred after the issuance of the prior custody decree. Appellee contended that appellant was emotionally unstable, that Logan had passed from infancy into pre-adolescence and that appellant continuously interfered with his companionship and visitation rights with his son.
After ordering and receiving home studies and psychological evaluations, a hearing involving numerous witnesses was held before a magistrate. In her report, the magistrate detailed evidence concerning each of the best interest factors found in R.C. 3109.04(F) and determined that appellant should be named residential parent and legal custodian of Logan. In adopting the magistrate's report, the trial court also set forth information relevant to each of the best interest factors and found that it would be in Logan's best interest to name his father as his residential parent and legal custodian.
Because we find that the trial court erred as a matter of law, we must reverse the court's judgment and remand this case for further proceedings. Neither of appellant's assignments of error actually address the dispositive error and shall not be considered by this court[1]. Rather, those assignments of error are found moot due to the necessity for a remand.
R.C. 3109.04(E)(1)(a) provides:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
Accordingly, under the terms of R.C. 3109.04(E)(1)(a), the court must conduct a three step inquiry in determining whether a change in residential custody should be made. First, there must be a change in the circumstances of the child or his residential parent, or in the case of a shared parenting order, either parent. Second, the change in custody must be needed to serve the best interest of the child. Finally, one of the three conditions listed in subsections (i)-(iii) must be satisfied. Inre Jessica P. (May 1, 1998), Sandusky App. No. S-98-036, unreported, quoting Nyikes v. Rhodes (July 22, 1994), Lucas App. No. L-93-363, unreported.
Furthermore, the court must consider each of these steps in the order listed. In Davis v. Flickinger (1997), 77 Ohio St.3d 415,417, the Ohio Supreme Court held that R.C. 3109.04 requires a finding of a change of circumstances "before a trial court can determine the best interest of the child in considering a change of custody." (Emphasis added.) This court, as well as other appellate courts, follow that precept. See, e.g., In the Matterof: Sydney J. (Sept 30, 1999), Ottawa App. No. OT-99-026, unreported (Court must first determine that there is a change of circumstances.); Clark v. Smith (1998), 130 Ohio App.3d 648
(Change in the circumstances of the child, the residential parent, or either parent in a shared parenting situation is a threshold finding that the court must consider prior to weighing the child's best interest.). Thus, when a trial court fails to consider this initial finding, its decision must be reversed and remanded for the proper application of the requirements of R.C.3109.04(E)(1)(a). In re: Mary Louella Carter (July 20, 1998), Butler App. No. 98-01-016, unreported; Lehman v. Lehman (Feb. 28, 1997), Trumbull App. No. 95-T-5327, unreported (and the cases cited therein).
Here, neither the magistrate's report nor the judge's judgment deals with a change of circumstances. Both the report and the judgment focus solely on the best interest of Logan, a subject that could not be considered until the court determined that a change of circumstances existed. On consideration whereof, we must therefore reverse the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, and remand this case to that court for further proceedings consistent with this judgment. Appellant and appellee are ordered to pay, in equal shares, the costs of this appeal.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________________ Melvin L. Resnick, J.
Handwork, J., Knepper, P.J. CONCUR.
[1] Appellant asserts the following assignments of error:
"Assignment of Error #1:
 "There has been no change of circumstances to warrant a modification of custody."
"Assignment of Error # 2:
 "The trial court's granting of the change of custody was an abuse of discretion against the manifest weight of the evidence and was arbitrary, unreasonable, and unconscionable."